## ROBERSON V. STATE.

Decided November 15, 1890.

1.   *Homicide—Self-defense—When not a justification.*

> A peace officer cannot plead self-defense in justification of a homicide the necessity for which grew out of his own wrongful act in making an arrest.

APPEAL from *Johnson* Circuit Court.

J. E. CRAVENS, Judge.

Roberson appealed from a conviction of voluntary man- slaughter.   As deputy marshal he arrested deceased without a warrant for a supposed offense not committed in his pres- ence.   Deceased resisted, a difficulty ensued, and appellant shot and killed him, as he claims, in self-defense.   No errors

are assigned, save in the court's charge as referred to in the opinion.

*Davis & Bullock* and *W. D. Jacoway* for appellant.

1.   Instructions of the court took from the consideration of the jury defendant's position as an officer, and told the jury practically that the arrest was illegal, and being illegal, the defendant was the aggressor *ab initio*, and that it was his duty, although deceased had submitted to his authority, to release the prisoner and retreat.   2 Bish., Cr. Law, (2d ed.), secs. 579-80; 2 Bish., Cr. Law (7th ed.), secs. 650, 651; Russell on Cr., vol. 1, p. 665; Wharton, Cr. Law (3d ed.), 470-1-2; Archbold's Cr. Prac., 676 and note 2, 680.

2.   Appellant was a town officer, and as such it was his duty to suppress riotous or disorderly conduct, and to arrest such disturbers even without a warrant.   Mansf. Dig., secs. 778, 808, 802, 2355; 1 Bish., Cr. Pr. (3d ed.), 179, 180, 181, 183, 184; Wharton, Law of Homicide, 69 to 82; Tiedeman, Lim. to Police Powers, 83-4; 2 Bish., Cr. Law, (2d ed.), secs. 579, 580; 2 Bish., Cr. Law (7th ed.), 650-1; Russell on Cr., vol. 1, p. 665; Wharton, Cr. Law (3d ed.), 470, 471, 472; Arch., Cr. Pr., 676 and note 2, 680; Murfree on Sheriffs, 1164.

3.   Sections 6322 and 798, Mansf. Dig., authorized the arrest in this case without a warrant.

*W. E. Atkinson*, Attorney General, for appellee.

1.   No felony had been committed by deceased, nor had appellant any reason to believe that a felony had been committed, nor was any offense committed in his presence. Therefore, his arrest without a warrant was illegal.   55 Am. Dec., 97.

And it follows that the deceased had a right to reasonably resist such arrest, and if a contest ensued between them, the defendant was not entitled to the protection due

an officer in performing his duties, and, being the aggressor, should have endeavored to decline the contest.  8 Tex. App., 545.

2.  Submission to an unlawful arrest is no waiver of the right to resist, especially when the arrest is coerced.  8 Tex. App., 545.

Mansf. Dig., sec. 2002, prescribes the manner in which a peace officer may make an arrest.  Sec. 789 merely enumerates the cases in which a marshal may arrest, but the manner of exercising the power is regulated by sec. 2002.

Homicide—
Self-defense—
When not a justification.
HEMINGWAY, J.  A peace officer may make an arrest without a warrant when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony.  Mansf. Dig., sec. 2002.  The appellant declared, when he made the arrest, that it was for an offense which it is not now claimed was committed in his presence; therefore, unless he had reasonable grounds to believe that it was a felony, he had no authority to make the arrest without a warrant.  In doing so he invaded the right of liberty of deceased, than which none is dearer to a free man.  The party arrested was justified in defending himself against the unlawful invasion in a manner reasonable and necessary to regain his liberty.  If, in making such defense, he used violence against the officer, it would be but the reasonable consequence of the officer's misconduct, and he would not be justified in returning violence until he had released his unlawful arrest.  So long as he maintained the improper restraint, he could not justify a homicide, though done in self-defense, for its necessity grew out of his wrongful act.  Stoffer v. State, 15 Ohio St., 47; 1 Criminal Defenses, 220 and cases cited; Fitzpatrick v. State, 37 Ark., 238.

It is contended that if an officer makes an arrest, without warrant, for a misdemeanor not committed in his presence,

and the party arrested submits without demanding that a warrant be exhibited, he thereby waives any objection he might have taken to such an arrest, and cannot resist the officer or effect his escape. We do not rule on the proposition submitted. By the testimony of the appellant, the deceased submitted to arrest with a pistol drawn upon him and after the appellant had remarked, "that he supposed he would have to hit him over the head a few times, and then maybe he would go." The deceased was not in an attitude to waive his right to liberty, and courts do not respect waivers obtained at the muzzle of a pistol. The court properly instructed the jury in the view of the evidence most favorable to appellant, and, there being no other error alleged, the judgment will be affirmed.